UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BOARD OF TRUSTEES OF THE LABORERS
PENSION FUND OF LOCAL UNION NO. 186,

BOARD OF TRUSTEES OF THE LABORERS'
WELFARE FUND OF LOCAL 186,

BOARD OF TRUSTEES OF THE LABORERS'
LOCAL NO. 322 ANNUITY FUND,

BOARD OF TRUSTEES OF THE LABORERS'
LOCAL NO. 322 TRAINING AND EDUCATION
FUND, and

LABORERS' INTERNATIONAL UNION OF
NORTH AMERICA, LOCAL UNION NO. 1822,

                Plaintiffs,

    v.

CASALE CONSTRUCTION SERVICES, INC.,

                Defendant.
-----------------------------------------------------------------------X

**COMPLAINT**

Case No.  1:18-cv-583 (MAD/DJS)

COME NOW, the Plaintiffs, consisting of: (a) the Boards of Trustees of the Laborers Pension Fund of Local Union No. 186 (the "Pension Fund") and the Laborers' Welfare Fund of Local 186 (the "Welfare Fund") (collectively, the "Local 186 Funds"); (b) the Boards of Trustees of the Laborers' Local No. 322 Annuity Fund (the "Annuity Fund") and the Laborers' Local No. 322 Training and Education Fund (the "Training Fund") (collectively, the "Local 322 Funds," and, with the Local 186 Funds, the "Funds"); and (c) Laborers' International Union of North America, Local Union No. 1822 ("Local 1822") (collectively with the Funds, the "Plaintiffs"), by their attorneys, Slevin & Hart, P.C., hereby complain of Defendant Casale Construction Services, Inc. ("Defendant") as follows:

## Introduction

1.  This action is brought under Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(g)(2) and 1145. This action is also brought under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek a money judgment awarding delinquent contributions and union dues, accrued interest, liquidated damages, attorneys' fees and costs, and audit fees and costs, owed by Defendant to Plaintiffs, pursuant to ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, Defendant's collective bargaining agreement, the Trust Documents governing the Funds, and Section 301 of the LMRA.

## Jurisdiction

2.  This Court has subject matter jurisdiction under ERISA §§ 502(e) & (f), 29 U.S.C. §§ 1132(e) & (f); LMRA § 301(a), 29 U.S.C. § 185(a); and 28 U.S.C. §§ 1331 and 1337.

## Venue

3.  Venue lies in this Court under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), which provides that an action may be brought, *inter alia*, where a defendant resides or may be found. Venue is further proper pursuant to 28 U.S.C. §§ 1391(b)(1) & (2).

4.  Personal jurisdiction exists over Defendant as Defendant has been, at all times relevant hereto, a New York corporation with its principal executive office address registered with the New York Department of State ("DOS") located at 7 Lansing Avenue, Troy, NY 12180.

## Parties and Background

1.  The Funds are multiemployer employee benefit plans within the meaning of ERISA §§ 3(3) and 3(37), 29 U.S.C. §§ 1002(3) and 1002(37). The Funds are maintained

pursuant to their respective Agreements and Declarations of Trust (collectively referred to as the "Trust Agreements"). The Funds are also joint labor-management funds established pursuant to LMRA § 302(c), 29 U.S.C. § 186(c), and have standing to assert a cause of action for breach of a labor contract to which they are third party beneficiaries.

2. The Funds' Trustees are "fiduciaries" within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2). The Trustees further bring this action on behalf of the Funds and their participants and beneficiaries pursuant to LMRA § 301, 29 U.S.C. § 185.

3. Local 1822 is a labor organization within the meaning of LMRA § 2(5), 29 U.S.C. § 152(5).

4. Defendant is a corporation organized under the laws of, and with its principal place of business in, the State of New York.

5. Defendant, which was formerly known as Casale Excavating, Inc., changed its name with DOS effective May 9, 2012, to Casale Construction Services, Inc.

6. Defendant has been, at all times relevant hereto, an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. §1002(5), and 29 U.S.C. §152(2), and is engaged in an "industry affecting commerce," within the meanings of ERISA §§ 3(11) and (12), 29 U.S.C. §§ 1002(11) and (12).

7. Service of process may be effectuated on Defendant by serving the New York Secretary of State as statutory agent pursuant to N.Y. Business Corporation Law § 306(b)(1), which is given effect by Fed. R. Civ. P. 4(h)(1)(B).

**Factual Allegations in Support of Relief Sought**

8.  At all times pertinent to this action, Defendant employed employees represented for the purposes of collective bargaining by Local 1822 and/or its predecessor(s).

9.  At all times pertinent to this action, Defendant was signatory to, and bound by, one or more collective bargaining agreements (collectively, the "CBA") with Local 1822 and/or its predecessor(s), which obligated Defendant to make contributions to the Funds and to pay dues to Local 1822 that were to be withheld from the paychecks of its covered employees.

10. By agreeing to be bound to the CBA, Defendant also agreed to be bound to the terms and conditions of the Trust Agreements establishing the Funds, including any amendments thereto, and policies and procedures adopted by the Boards of Trustees (collectively, the "Trust Documents").

11. Pursuant to the terms of the CBA and Trust Documents, Defendant is obligated to submit monthly remittance reports and fringe benefit contributions to the Funds for all hours worked or paid on behalf of Defendant's covered employees.

12. On or about July 11, 2017, Plaintiffs completed an audit of Defendant for the period from April 29, 2015, through June 7, 2017.

13. Undersigned counsel has been unable to verify at this time that Defendant was signed to a CBA with an effective date earlier than April 4, 2016. Accordingly, all references to the "Audit" below are for the audit findings for the period from April 4, 2016, through June 7, 2017.

14. The Audit revealed that Defendant owed a total of $146,516.68 in principal contributions to the Plaintiffs, consisting of the following:

  a.  $60,295.95 owed to the Pension Fund;

   b.  $51,648.70 owed to the Welfare Fund;

   c.  $11,846.13 owed to the Annuity Fund;

   d.  $6,001.20 owed to the Training Fund; and

   e.  $16,724.70 in dues owed to Local 1822.

15. Plaintiffs must rely, in the first instance, upon the accuracy of the contributing employers, such as Defendant, in reporting hours worked and paid, and in properly calculating and reporting the contributions owed on behalf of their covered employees.

16. Without accurate information, Plaintiffs cannot determine the amount of the monthly contributions due to the Funds or the employees' eligibility for benefits.

17. As a result, until Plaintiffs audited Defendant's payroll records, Plaintiffs had no basis to know that Defendant had not accurately reported the work performed by its covered employees, and/or the contributions owed on their behalf.

18. The Trust Documents, to which Defendant is bound, also bind Defendant to the Local 186 Funds' Delinquent Contribution and Payroll Audit Policy and Procedure (the "Local 186 Delinquency Policy") and the Local 322 Funds' Collections Policy (the "Local 322 Delinquency Policy") (collectively, the "Delinquency Policies").

19. When an employer, such as Defendant, fails to timely submit the contractually-required remittance reports and contribution payments, and Plaintiffs file a lawsuit to recover the unpaid contributions, ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, the CBA, the Trust Documents, the Delinquency Policies, and LMRA § 301, 29 U.S.C. § 185, impose liability on the employer for the following:

   a.  The unpaid contributions;

    b.    Interest on the delinquent contributions owed to the Local 186 Funds at the rate of 10% per annum;

    c.    Interest on the delinquent contributions owed to the Local 322 Funds at the rate of 18% per annum;

    d.    The greater of interest on the delinquent contributions at the above rates or liquidated damages equal to twenty percent (20%) of the delinquent contributions owed; and

    e.    The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs of this action.

20. The Local 186 Funds' Delinquency Policy obligates an employer to pay the Funds' audit fees if the amount of the delinquency discovered by such audit equals or exceeds five percent (5%) of the amount of contributions actually paid for the period of the examination.

21. The Local 322 Funds' Delinquency Policy likewise obligates an employer to pay the Funds' audit fees if the Funds' counsel performs services in collection of delinquent contributions, including but not limited to the filing of this lawsuit.

22. Despite repeated demands, Defendant has failed to pay the amounts determined to be owed by Defendant as a result of the Audit.

### Count I
### Delinquent Contributions – ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2)
### (The Funds)

23. Plaintiffs incorporate the preceding paragraphs as if fully stated herein.

24. By failing to pay contributions owed to the Funds, Defendant has violated ERISA § 515, 29 U.S.C. § 1145, which provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a

collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

25. Plaintiffs seek relief as specified in the Prayer for Relief.

### Count II
### Breach of Labor Contract – LMRA § 301, 29 U.S.C. § 185
### (All Plaintiffs)

26. Plaintiffs incorporate the preceding paragraphs as if fully stated herein.

27. By failing to pay the contributions and union dues owed to the Plaintiffs required under its CBA, Defendant has breached the CBA.

28. The Funds are intended third-party beneficiaries of the CBA and, therefore, have standing to assert claims for such a breach of the Agreement pursuant to LMRA § 301(a), 29 U.S.C. § 185(a).

29. Local 1822 is a direct party to the CBA and, as such, it has standing to bring a claim for breach of the CBA pursuant to LMRA § 301(a), 29 U.S.C. § 185(a).

30. Plaintiffs seek relief as specified in the Prayer for Relief.

### Prayer for Relief

**WHEREFORE,** Plaintiffs request a judgment on behalf of the Plaintiffs against Defendant for all amounts due to the Plaintiffs at the time this cause reaches judgment and other relief, to wit:

1. Awarding to the Plaintiffs all of the sums due under the terms of the CBA, the Trust Documents, ERISA §§ 502(g)(2) and 515, and LMRA § 301, including:

    a. Delinquent contributions in the amount of $146,516.68;

    b. Interest on the delinquent contributions owed to the Local 186 Funds at the rate of 10% per annum, in an amount to be proved;

    c.    Interest on the delinquent contributions owed to the Local 322 Funds at the rate of 18% per annum, in an amount to be proved;

    d.    An amount equal to the greater of interest calculated at the above rates or liquidated damages equal to 20% of the delinquent contributions in the amount of at least $34,851.26;

    e.    The attorneys' fees and costs incurred by the Plaintiffs in pursuing the delinquent amounts, including the fees and costs of this action;

    f.    The fees and costs incurred by the Plaintiffs in conducting the Audit; and

2.    Granting the Plaintiffs such further and other relief as may be just and proper.

Dated: Washington, DC  
May 16, 2018

Respectfully submitted,

*/s/ Richard S. Siegel*  
Richard S. Siegel  
Bar Roll No. 700113  
SLEVIN & HART, P.C.  
1625 Massachusetts Avenue N.W., Ste. 450  
Washington, DC  20036  
(202) 797-8700  
(202) 234-8231 (facsimile)  
rsiegel@slevinhart.com  
*Counsel for Plaintiffs*

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by ERISA § 502(h) of ERISA, 29 U.S.C. § 1132(h).

20598624v4