UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BOARD OF TRUSTEES OF THE LABORERS
PENSION FUND OF LOCAL UNION NO. 186;
BOARD OF TRUSTEES OF THE LABORERS'
WELFARE FUND OF LOCAL 186; BOARD OF
TRUSTEES OF THE LABORERS' LOCAL NO.
322 ANNUITY FUND; BOARD OF TRUSTEES
OF THE LABORERS' LOCAL NO. 322
TRAINING AND EDUCATION FUND; and
LABORERS' INTERNATIONAL UNION OF
NORTH AMERICA, LOCAL UNION NO. 1822,

1:18-CV-00583
(MAD/DJS)

     **Plaintiffs,**

vs.

**CASALE CONSTRUCTION SERVICES, INC.,**

     **Defendant.**

---

APPEARANCES:     OF COUNSEL:

**SLEVIN, HART LAW FIRM**  **RICHARD SCOTT SIEGEL, ESQ.**
1625 Massachusetts Avenue, Northwest **KRISTINA SALAMOUN, ESQ.**
Suite 450
Washington, D.C. 20036
Attorneys for Plaintiffs

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiffs commenced this action against Casale Construction Services, Inc. on May 16, 2018, alleging violations of Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *See* Dkt. No. 1. On October 11, 2018, the Court entered a Memorandum-Decision and Order granting the Motion for

Default Judgment in part and directing Plaintiffs to file supplemental submissions to support their requested unpaid contribution calculations and audit fees. *See* Dkt. No. 10. Presently before the Court is Plaintiffs' Supplement in Support of the Motion for Default Judgment against Defendant. *See* Dkt. No. 11. For the following reasons, the requested damages are granted in part.

## II. BACKGROUND

The Court directs the parties to the October 11, 2018 Memorandum-Decision and Order (Dkt. No. 10) for a detailed recitation of the facts of this case.

To prove damages, Plaintiffs have submitted a Declaration of Timothy P. Dooley (the "Dooley Declaration"), who is an auditor at Joseph W. McCarthy & Associates ("McCarthy"). *See* Dkt. No. 11-1. McCarthy conducted an audit of Defendant's payroll records from June 1, 2016 through June 7, 2017. *See id.* at ¶¶ 3-4. Throughout the entire audit period, Defendant had not reported or paid any contributions to the funds or dues owed to Local 1822. *See id.* at ¶ 5. In total, McCarthy calculated that Defendant owes $146,516.70 in principal contributions and dues from the audited period of time, which includes: (a) $51,648.70 to the Welfare Fund; (b) $60,295.95 to the Pension Fund; (c) $11,846.13 to the Annuity Fund; (d) $6,001.20 to the Training Fund, and (e) $16,724.72 in dues to Local 1822. *See id.* at ¶ 20. Plaintiffs attach spreadsheets to support their calculations, broken down by month and employee. *See* Dkt. No. 11-2.

## III. DISCUSSION

**A.    Legal Standard**

ERISA provides for statutory damages as follows:

>   (A) the unpaid contributions,
>
>   (B) interest on the unpaid contributions,

> > (C) an amount equal to the greater of —
>
> > > (i) interest on the unpaid contributions, or
> >
> > > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> >
> > (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> >
> > (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l Group Merchandising Services, Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 189-90 (E.D.N.Y. 2009) (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (citation omitted).

**B.     Unpaid Contributions**

Plaintiffs request $146,516.70 in delinquent contributions and union dues, and have now met their burden of proving that they are entitled to this recovery. *See* Dkt. No. 9-1 at 6. To reach this amount, McCarthy compared Defendant's payroll records against the amounts that Defendant should have contributed, which it calculated by multiplying the contribution rates by the amount of hours that Defendant's employees worked.[1] *See* Dkt. No. 11-1 at ¶¶ 4, 5. Supplemental Exhibits 1, 2, and 3 clearly support these calculations, so the Court is satisfied that the requested amount of unpaid contributions is accurate. *See* Dkt. Nos. 11-2, 11-3, 11-4. Accordingly, Plaintiffs are entitled to recover $146,516.70 in principal contributions and dues.

**C.     Interest**

For the purposes of an action to collect interest on unpaid contributions under ERISA, "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2). "Under the LMRA, it is within the court's discretion to award prejudgment interest." *Finkel v. INS Elec. Servs. Inc.*, No. 06-CV-4862, 2008 WL 941482, *7 (E.D.N.Y. Apr. 4, 2008).

Plaintiffs request $22,638.15 in interest on unpaid contributions and deductions, consisting of $17,615.12 interest on the delinquent contributions owed to the Local 186 Funds at the rate of 10% per annum, and $5,023.03 interest on the delinquent contributions owed to the Local 322 Funds at the rate of 18% per annum. *See* Dkt. No. 9-1 at 5, 6. These rates are provided in the Local 186 Funds' Delinquent Contribution and Payroll Audit Policy and Procedure and the

---

[1] For example, in June 2016, Defendant failed to contribute on behalf of five employees, who had worked a total of 446.5 hours. *See* Dkt. No. 11-1 at ¶ 7. McCarthy calculated the total amount owed in June 2016 by multiplying the contribution rates for each fund by 446.5 hours. *See id.* at ¶¶ 8, 11; Dkt. No. 11-2 at 2.

4

Local 322 Funds' Collections Policy. *See* Dkt. No. 9-6 at ¶ 2(a); Dkt. No. 9-7 at §1(c). Exhibit 7 to the Motion for Default Judgment shows the amount of interest due based on the principle amount owed to each fund. *See* Dkt. No. 9-9 at 2. The Court finds that these calculations accurately reflect the amount of interest owed by Defendants, and as such, awards Plaintiffs $22,638.15 in interest.

**D.     Liquidated Damages**

ERISA provides for liquidated damages in an "amount equal to the greater of--(i) interest on the unpaid contributions; or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). Plaintiffs request $25,958.40 in liquidated damages, calculated as 20 percent of the principal contributions owed to the Funds, and have submitted proof to support their calculations. *See* Dkt. No. 9-1 at 6. Thus, the Court finds that Plaintiffs are entitled to $25,958.40 in liquidated damages.

**E.     Audit Fees**

"Requests for audit fees are 'generally determined by utilizing the same standards the court applies in awarding attorneys' fees.'" *Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008) (quoting *King v. Unique Rigging Corp.*, No. 01-CV-3797, 2006 WL 3335011, *5 (E.D.N.Y. Oct. 27, 2006)). Accordingly, a party requesting audit fees must provide sufficient information to allow a court to determine the reasonableness of the fees requested. Several courts in this circuit have denied audit fees in ERISA actions where the plaintiffs have failed to provide detailed records of the work that was performed by auditors. *See Upstate N.Y. Eng'rs Health Fund v. Oneidaview Pile Driving*, No. 5:15-CV-512, 2017 WL 1483446, *4 (N.D.N.Y. Apr. 25, 2017) (denying audit fees where the plaintiffs provided an invoice from their auditor stating the number of hours worked without

specifying what work was performed); *Eng'rs Joint Welfare Fund v. C. Destro Dev. Co., Inc.*, 178 F. Supp. 3d 27, 36 (N.D.N.Y. 2016) (same); *Dahill Moving & Storage Co.*, 545 F. Supp. 2d at 269 (same).

Plaintiffs originally stated that they spent $3,520.00 in conducting the audit of Defendant, however they now indicate that the actual charges were $4,400.00, due to an additional sixteen hours of work performed by McCarthy in response to the Court's October 11, 2018 Memorandum-Decision and Order. *See* Dkt. No. 11 at 2. To support this request, Plaintiffs provide the Dooley Declaration and a "Re-cap Statement" from McCarthy that states the numbers of hours worked and the type of work performed. *See* Dkt. No. 11-6 at 2-3. According to the Re-cap Statement, McCarthy spent 80 hours on the audit at a rate of $55 per hour. *See id.* at 2. Additionally, the Re-cap Statement uses generic codes to describe the types of tasks performed.[2] *See id.* at 3. After reviewing the Re-cap Statement, the Court finds that the amount of audit fees requested are unreasonable. McCarthy claims to have spent eighty hours auditing Defendant's payroll records "by comparing the payroll records provided by Defendant against the amount actually contributed to the Funds and paid in dues to Local 1822." *See* Dkt. No. 11-1 at ¶ 4. However, Mr. Dooley states that "no comparison was necessary throughout the entire Audit period because Defendant had not reported or paid any contributions during that time." *See id.* at ¶ 5. Nevertheless, the Re-cap Statement indicates that four days were spent "[c]ompar[ing] hours

---

[2] The codes for work performed correspond to the following tasks: (1) "[r]eview collective bargaining and, if applicable, related contractor or subscriber for rates of pay and benefit contribution rates," (2) "[c]ompare hours reported on the remittance reports to and from employer's compensation records," (3) "[r]eciprocals: [e]xamine other funds reports for our classification for reported hours for our members includes not with my files," (4) "[l]ist discrepancies noted in above steps on discrepancy worksheet," (5) "[p]repare summary of additional contributions due by fund," (6) "[s]ummarize findings and conclusions reached," and (7) "[i]ssue report on findings to fund office." *See* Dkt. No. 11-6 at 3.

reported on the remittance reports to and from employer's compensation records." *See* Dkt. No. 11-6 at 2-3. This plainly cannot be accurate. Moreover, McCarthy billed two days, October 15, 2018 and October 19, 2018, to respond to the October 11, 2018 Memorandum-Decision and Order, which found that the materials submitted to the Court inadequately described the audit and justifications for the auditor's findings. *See id.*; Dkt. No. 10. The Court declines to award the audit fees for this additional, corrective work.

Of course, McCarthy did perform some work auditing Defendant's payroll records. As such, the Court will grant Plaintiffs four days (32 hours) of the audit fees at McCarthy's rate of $55 per hour, totaling $1,760.00.

**F.     Attorneys' Fees and Costs**

In an ERISA action involving delinquent contributions, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "[A] district court must begin its § 1132(g)(1) analysis by determining whether a party has achieved 'some degree of success on the merits,' but it is not required to award fees simply because this pre-condition has been met." *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 500 U.S. 242, 254 (2010)).

Here, Plaintiffs request $11,337.52 in attorneys' fees and costs spent through July 19, 2018. *See* Dkt. No. 9-1 at 6. Plaintiffs state that they have spent 19.7 hours of counsel time at hourly rates of $250, $290, and $305 ($5,751.00 total) and 29.2 hours of paralegal time at an hourly rate of $175 ($5,110.00 total). *See* Dkt. No. 9-2 at ¶ 19. In support of these fees, Plaintiffs provide a Fees and Costs Report, which contains detailed narratives about the legal work performed and associated costs. *See* Dkt. No. 9-10.

After reviewing the Fees and Costs Report, the Court finds that the amount of time spent by Plaintiffs' attorneys was reasonable. However, Plaintiffs' requested hourly rates of $250, $290, and $305 for attorneys and $175 for paralegals are too high. In determining the reasonableness of attorneys' fees rates, the Second Circuit has held that the court is "to bear in mind *all* of the case-specific variables that [the courts] have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," which is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The relevant factors for the Court to consider include the complexity and difficulty of the case, the resources required for effective prosecution of the case, the case's timing demands, the attorney's interest in achieving the ends of the litigation, the nature of representation, and the type of work involved in the case. *See id.* at 184 & n.2.

In recent cases, this Court found that rates of $240 per hour for an experienced attorney and $95 per hour for paralegals are appropriate in ERISA cases. *See Plumbers, Pipefitters, & Apprentices Local No. 112 Pension Fund v. D.J. Springer, Inc.*, No. 3:16-CV-0321 (MAD/DEP), 2018 WL 3448684, *4 (N.D.N.Y. July 17, 2018); *Int'l Bhd. of Elec. Workers Local Union No. 1249 Pension & Ins. Funds by Dafor v. S. Buffalo Elec., Inc.*, No. 15-CV-0682 (MAD/ATB), 2018 WL 1224469, *4 (N.D.N.Y. Mar. 8, 2018). The Court awards the same rates in this case. Therefore, the Court grants Plaintiffs $7,502.00 in attorneys' fees, consisting of $4,728.00 for attorney work (19.7 hours at the rate of $240 per hour) and $2,774.00 for paralegal work (29.2 hours at the rate of $95 per hour).

Additionally, Plaintiffs request $476.52 in attorneys' costs, which include $400 in court filing fees, $38.60 in LexisNexis charges, and $37.92 in long distance telephone calls. *See* Dkt. No. 9-2 at ¶ 20; Dkt. No. 9-10 at 8. Court filing fees and telephone charges are recoverable in

ERISA actions as reasonable attorneys' costs. *See Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 401 (S.D.N.Y. 2000) (finding that courts have identified telephone costs as one of the expenses that are recoverable as reasonable attorneys' costs); *Int'l Bhd. of Elec. Workers Local No. 325 Pension Fund ex rel. Collins v. M. Gleason & Sons of Binghamton, NY, Inc.*, No. 5:09-CV-800 (FJS/DEP), 2013 WL 954866, *5 (N.D.N.Y. Mar. 12, 2013) (allowing recovery of court filing fees in an ERISA action); *New York State Teamsters Conference & Ret. Fund, by its Trustees v. Erick Sanitation, Inc.*, No. 92-CV-293 (NPM), 1992 WL 246880, *4 (N.D.N.Y. Sept. 18, 1992) (same). As such, the Court grants Plaintiff's request for $400 in court filing fees and $37.92 in long distance telephone calls.

The LexisNexis charges, on the other hand, are not recoverable as attorneys' costs. The Second Circuit has stated that "computer research is merely a substitute for an attorney's time that is compensable under an application for attorneys' fees and is not a separately taxable cost." *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) (denying a request for computerized research costs separate from attorneys' fees). *Id.* However, courts in this Circuit disagree about whether *Merritt Meridian* means that computer research charges are compensable. *Compare BD v. DeBuono*, 177 F. Supp. 2d 201, 209 (S.D.N.Y. 2001) (finding that Westlaw fees "are simply an item of overhead, and as such should be built into the fees charged, rather than unbundled and reimbursed separately") *with Gonzalez v. Bratton*, 147 F. Supp. 2d 180, 212 (S.D.N.Y. 2001), *aff'd*, 48 Fed. Appx. 363 (2d Cir. 2002) (interpreting *Merritt Meridian* as holding that "such expenses are recoverable in an application for 'attorney's fees'") (citation omitted) *and Anderson v. City of New York*, 132 F. Supp. 2d 239, 247 (S.D.N.Y. 2001) (awarding computerized research costs). Several courts in this District have found that computerized research is not a separately compensable cost. *See e.g.*,

*Bowers v. NRX Servs., Inc.*, No. 95-CV-507, 1997 WL 86464, *2 (N.D.N.Y. Feb. 26, 1997) (relying on *Merritt Meridian* to decline the award of costs associated with computerized legal research); *New York State Teamsters Conference Pension & Ret. Fund v. United Parcel Serv., Inc.*, No. 5:98-CV-1902 (FJS/GLS), 2004 WL 437474, *6 (N.D.N.Y. Feb. 27, 2004) (same); *Clute v. Dunster*, No. 88-CV-54, 1996 WL 571530, at *2 (N.D.N.Y. Sept. 30, 1996) (same).

This Court agrees with *DeBuono* that the Second Circuit "meant what it said when it said that the cost of an attorney's time spent doing research is properly compensable but that the cost of the research tool was not a separately reimbursable taxable cost." *See DeBuono*, 177 F. Supp. 2d at 209 (citing *Merritt Meridian*, 95 F.3d at 173). "[T]he cost of the computer service used in the research is no more reimbursable than the cost of the West's Keynote Digests and the volumes of the Federal Reporter and the Federal Supplement that lawyers used to use (and many still use) to find authority and research issues of law." *Id.* Therefore, the Court holds that computerized research charges may not be compensated as a cost separate from attorneys' fees. As such, Plaintiffs' request for $38.60 in LexisNexis charges is denied.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Clerk of the Court shall enter judgment in the amount of $204,813.77 against Casale Construction Services, Inc., consisting of (1) $146,516.70 in unpaid contributions and dues, (2) $22,638.15 in interest, (3) $25,958.40 in liquidated damages, (4) $1,760.00 in audit fees, and (5) $7,939.92 in attorneys' fees and costs; and the Court further

**ORDERS** that the Clerk of the Court shall close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 19, 2018
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge